UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS EARL ALLGIRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:16-cv-981-WTL-DKL |
| ) | |
| HOVG, LLC d/b/a BAY AREA ) | |
| CREDIT SERVICE, LLC, ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on the Defendant's motion to dismiss (Dkt. No. 10).[1] The motion is fully briefed, and the Court, being duly advised, **GRANTS** the Defendant's motion for the reasons and to the extent set forth below.

### I.      RULE 12(b)(1) STANDARD

The Defendant moves to dismiss the Plaintiff's Complaint for lack of subject matter jurisdiction over the Plaintiff's claims and for failure to state a claim upon which relief can be granted. The Defendant brought its motion pursuant to Federal Rule of Civil Procedure 12(b)(6), however, because the Court addresses the Defendant's challenge to subject matter jurisdiction first, it examines the Defendant's motion under the standard applicable to Federal Rule of Civil Procedure 12(b)(1).

---

[1] On September 12, 2016, the Defendant filed an additional motion to dismiss for failure to state a claim (Dkt. No. 18). That motion appears to have been filed in this matter erroneously, as it pertains to an altogether different plaintiff and was subsequently filed on September 13, 2016, in a case brought by the plaintiff named in the motion. *See* Dkt. Nos. 9 & 10 in *LaForce v. HOVG, LLC*, 3:16-cv-170-RLY-MPB (S.D. Ind. filed July 31, 2016). **The Court directs the Clerk to strike that motion, Docket Number 18, from the docket in this case.**

In ruling on such a motion, the Court accepts as true all well-pleaded factual allegations and draws reasonable inferences in the Plaintiff's favor. *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993). The Court, however, may "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted . . . to determine whether in fact subject matter jurisdiction exists." *Miller v. F.D.I.C.*, 738 F.3d 836, 840 (7th Cir. 2013) (internal quotation omitted); *see also Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009) (discussing evidentiary standards for facial and factual challenges to subject matter jurisdiction). The Plaintiff in this matter bears the burden of establishing jurisdiction. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992); *Apex Digital, Inc.*, 572 F.3d at 443. If it concludes that it has no jurisdiction, "[the] court must dismiss the case without ever reaching the merits." *Capitol Leasing Co.*, 999 F.2d at 191.

## II.   BACKGROUND

The Plaintiff received numerous calls and correspondence from various parties seeking payment on medical debts, including calls from the Defendant, which the Plaintiff did not answer. On April 14, 2016, the Plaintiff placed a return call to the Defendant. He initially spoke with Johnny Lawrence, an employee of the Defendant. Lawrence advised the Plaintiff that the Defendant was collecting a medical debt in the amount of $421.47 incurred by the Plaintiff for services he received from Indiana Emergency Physicians. During the call, the Plaintiff was transferred to a different employee, David Fox. Fox suggested that the Plaintiff could settle the debt by paying the discounted sum of $318.00. Fox described the discounted sum of $318.00 as a 25-percent discount on the amount of the debt. Reducing the $421.47 debt by 25 percent leaves $316.10, not $318.00. Subsequent to the April 14, 2016 call, the Plaintiff did not make any payment to the Defendant.

### III.    DISCUSSION

The Plaintiff alleges that the Defendant violated the Fair Debt Collection Practices Act ("FDCPA") because it misled him by describing the discounted settlement amount to be equal to 25 percent of the total amount of the debt when the dollar amount stated was $1.90 more than 25 percent of the total debt.  Specifically, he alleges that the Defendant violated 15 U.S.C. § 1692e(2)(A) and e(10) which provide that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is in violation of this section:
> . . .
> (2)  The false representation of --
>     (A) the character, amount, or legal status of any debt;
> . . .
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §1692e.  The Plaintiff also alleges that the Defendant violated 15 U.S.C. §1692f, which provides that "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  The Defendant maintains that the Plaintiff lacks standing in this matter and further contends that any misrepresentation it may have made to the Plaintiff was not material and, therefore, not actionable under the FDCPA.

The issue presently before the Court is whether the Plaintiff has standing.  The existence of a case and controversy is a prerequisite for the exercise of federal judicial power under Article III.  *Lujan*, 504 U.S. at 559; *Sprint Spectrum L.P. v. City of Carmel, Indiana*, 361 F.3d 998, 1002 (7th Cir. 2004).  The prerequisite is satisfied only where a plaintiff has standing.  *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008) (citing *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 342 (2006)).  This Court cannot assume a plaintiff has demonstrated standing in order to proceed to the merits of the underlying claim.  *Steel Co. v.*

*Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998).  To establish standing, a plaintiff must adequately show the following:

> (1) an injury in fact (*i.e.,* a 'concrete and particularized' invasion of a 'legally protected interest'); (2) causation (*i.e.,* a 'fairly ... trace[able]' connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (*i.e.,* it is 'likely' and not 'merely speculative" that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit).

*Sprint Commc'ns Co., L.P.*, 554 U.S. at 273-74 (quoting *Lujan,* 504 U.S. at 560-61 (calling these the "irreducible constitutional minimum" requirements)).

The Defendant challenges the Plaintiff's ability to meet the first element.  "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (quoting *Lujan*, 504 U.S. at 560).

The Plaintiff contends that he has met the injury-in-fact requirement in several ways.  First, relying on *Spokeo*, he suggests that, to meet the injury-in-fact requirement, he "'need not allege any additional harm beyond the one Congress has identified.'"  Dkt. No. 13 at 5 (quoting *Spokeo, Inc.*, 136 S. Ct. at 1549 (emphasis omitted by the Plaintiff)).  The Supreme Court in *Spokeo* explained that a mere violation of a statute could constitute injury in fact in some cases, but would not be sufficient in others.  136 S. Ct. at 1549 ("[T]he violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact," and "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.").  Where, as here, a plaintiff alleges a procedural violation of the statute, the *Spokeo* court directs the court to

4

ask "whether the particular procedural violation[] alleged in this case entail[s] a degree of risk sufficient to meet the [injury-in-fact element's] concreteness requirement." 136 S. Ct. at 1550. If a violation of one of the FDCPA's procedural requirements, without more, may result in no harm or risk of harm, alleging a bare procedural violation will not establish a concrete injury that satisfies the injury-in-fact requirement. *See*, *id.*

In *Spokeo*, the Court explained that the Fair Credit Reporting Act ("FCRA") requires, for example, that a consumer reporting agency "'follow reasonable procedures to assure maximum possible accuracy of' consumer reports, [15 U.S.C.] § 1681e(b); [and] notify providers and users of consumer information of their responsibilities under the Act, § 1681e(d)." *Id.* at 1545. It also acknowledged that "Congress plainly sought to curb the dissemination of false information by adopting procedures [in the FCRA] designed to decrease that risk." *Id.* at 1550. Despite Congress' goal, the Supreme Court found that the plaintiff in *Spokeo* could not satisfy Article III's standing requirement by alleging a bare procedural violation of either of the provisions above absent additional harm, in part because "violation of one of the FCRA's procedural requirements may result in no harm." *Id.* In reaching its finding, the *Spokeo* Court reasoned that "not all inaccuracies cause harm or present any material risk of harm. An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm." *Id.*

With the FDCPA, Congress seeks to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Like the violations alleged in *Spokeo*, it is possible to allege the statutory violations the Plaintiff alleges with no resulting harm or risk of harm. Here's how: The Courts have found that false, deceptive, and misleading representations must be material to be actionable under the FDCPA. *See, e.g., Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 758

(7th Cir. 2009) ("A statement cannot mislead unless it is material, so a false but non-material statement is not actionable.") (citing *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645-46 (7th Cir. 2009)). This materiality requirement presupposes that there are non-material representations, *i.e.*, representations that do not cause harm or risk of harm, that could be alleged under the plain language of the statute. Because it is possible to have a false representation that results in no harm or risk of harm, bare allegations of the types of violations alleged by the Plaintiff do not entail a degree of risk sufficient to establish a concrete injury. *Spokeo*, 136 S. Ct. at 1550.[2] Accordingly, the Plaintiff's allegation of a statutory violation without additional harm does not establish injury in fact for standing in this case.

The Plaintiff also maintains that he "was presented with the threat of concrete harm":

> Based on [the] Defendant's misrepresentation, [the] Plaintiff had no reason to believe that the settlement offer given was valid or would be honored by [the] Defendant. Had [the] Plaintiff acquiesced to [the] Defendant's offer and paid 75 percent of the subject consumer debt, [the] Defendant still been [sic] may have kept [the Plaintiff's] account open seeking collection on the remaining balance.

---

[2] *See also*, *A.D. v. Credit One Bank, N.A.*, No. 14 C 10106, 2016 WL 4417077, at *6 (N.D. Ill. Aug. 19, 2016) for a similar analysis under the FCRA:

> The Court's point in Spokeo was not that a statutory violation cannot constitute a concrete injury, but rather that where the bare violation of a statute conferring a procedural right could cause a congressionally identified harm or material risk of harm and just as easily could not, it is not sufficient simply to allege that the statute at issue was violated. Failure to ensure the accuracy of a consumer report may result in a harm or material risk of harm the FCRA was intended to curb—loss of employment opportunities, for example, or a decrease in the consumer's creditworthiness. But it may also fail to cause any harm or material risk of harm at all. Put differently, the procedural rights imposed through section 1681e(b) are attenuated enough from the interests Congress identified and sought to protect through the FCRA that charging a defendant with violating them is not necessarily the same as charging the defendant with causing a congressionally-identified concrete injury that gives rise to standing to sue.

Dkt. No. 13 at 6.  This is a conjectural, hypothetical harm insufficient to establish injury in fact for standing.  As the Plaintiff plainly indicates, he did not pay the settlement amount.  There is no risk to the Plaintiff of the type of harm he describes.  Moreover, the Plaintiff has not presented any facts supporting the idea that the Defendant would have kept the Plaintiff's account open and sought collection of the remaining balance, even if he had paid the settlement amount.  Without any support, he merely speculates that this might have happened, and "[m]ere speculation is not enough to establish an injury in fact."  *Wisconsin Right to Life, Inc. v. Schober*, 366 F.3d 485, 489 (7th Cir. 2004) (citations omitted).  Accordingly, the Plaintiff cannot rely on this alleged injury for standing.

      The Plaintiff also alleges that he suffered actual damages.  He argues that "the Complaint states that [the] Plaintiff incurred costs and expenses consulting with his attorneys as a result of [the] Defendant's collection actions."  Dkt. No. 13 at 6.  This type of harm, however, is not an injury sought to be avoided by enforcement of the FDCPA.  Instead, the FDCPA specifically explains how and when such costs and expenses can be recouped:  The statute confers authority upon the Court to award costs and reasonable attorneys' fees "*in the case of any successful action to enforce [] liability*."  15 U.S.C. §1692k(a)(3) (emphasis added).  Thus, the Plaintiff cannot rely on such costs and expenses as injury in fact to establish standing.

      Finally, the Plaintiff alleges that he "suffered financial loss related to [the] Defendant's conduct."  Dkt. No. 13 at 6; *see also* Compl. ¶ 22 ("Plaintiff has suffered financial loss as a result of Defendant's collection actions.").  Were it properly pled, this allegation would provide the basis for both a particularized and actual injury, satisfying the standing requirement.

      To survive dismissal for lack of standing, the plaintiffs must allege sufficient factual allegations to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662,

7

678 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The requirement of facial plausibility means "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Legal conclusions or bare and conclusory allegations are insufficient to state a claim.  *Iqbal*, 556 U.S. at 678, 680.  Given the allegations pled in the Plaintiff's complaint and the lack of factual support in either his complaint or his brief for his assertion that he suffered financial loss as a result of the Defendant's actions, he has not met his burden under the *Iqbal/Twombly* standard.  Although the plaintiff has pled that he suffered a harm that could form the basis of injury in fact for standing, he has not adequately pled facts to demonstrate the plausibility of that allegation.  Accordingly, the Plaintiff has not adequately pled standing.

## IV.    CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss (Dkt. No. 10) is **GRANTED** in its entirety.  The Plaintiff's Complaint, however, is **DISMISSED WITHOUT PREJUDICE**, and no final judgment will enter at this time in order to give the Plaintiff an opportunity to file an amended complaint that includes factual allegations supporting the claim that he suffered financial loss as a result of the Defendant's actions.[3]  *See Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) ("The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.") (quotation and citation omitted).

---

[3] If the Plaintiff's sole factual allegation supporting his claim that he suffered financial loss is that he incurred costs and expenses in consulting with an attorney, he need not file an amended complaint.  The Court has sufficiently explained why such an allegation will not support standing in this matter.  *See, supra* discussion at p. 7.

If the Plaintiff believes he has a good faith factual basis to continue with this lawsuit, he shall file an amended complaint **within 10 days of the date of this Entry**. That complaint shall set forth factual allegations supporting the claim that the Plaintiff suffered financial loss as a result of the Defendant's actions such that the Court can determine whether standing exists based on that alleged injury. **The failure to file a timely amended complaint will result in final judgment being entered against the Plaintiff in this case.**

SO ORDERED: 3/16/17

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification